Kirkpatrick, C. J.
You can hand up the papers; we will re-consider this question in vacation, and give our opinion next term.
In this term, the court rendered judgment.
Pennington, J.
Before this certiorari was called up, I thought the question involved in it settled; but from what passed at that time, it became incumbent upon the court to review the subject. This has been done in vacation. It is not denied but that it is error; but the counsel for the defendant in error, in the first place say, that the court ought not to inquire into, or take notice of it, because the error is commonly in small sums, I believe the court did once [*] say, that it would not take notice of a few cents error in an item of costs, arising from miscalculation; but I am not certain that this was correct. This, however, does not affect the principle. The error may be, and frequently is, in considerable sums. But one of the gentlemen complained, that the court even allowed rules to be taken on the justice to send up the items of the costs, in order to discover the error. And I ask why not ? Is it not every day’s practice to take rules on the justice, to certify matter that ought to appear on his docket, with a view to discover whether he has erred or not? And are not more or less judgments every, term reversed for errors discovered in this way ? I should be glad to know for what purpose this court reviews the proceedings of the courts for the trial of small causes, except it is to prevent injustice, by correcting their errors; and I can *403 not easily conceive of a grosser error, and which carries on the face of it, stronger marks of injustice than to render judgment in favor of the plaintiff against the defendant, for the costs in defending the suit, which the defendant himself has either paid, or is liable for.
But then we are told, that if the court will, contrary to sound policy, inquire into this matter, and take notice of it, yet that the law has not been pursued; that the law in such case is, that the judgment for costs must be reversed, and the residue of the judgment affirmed. This is the only point worthy of reconsideration; in the investigation of which, I have endeavored to divest myself of the pride of opinion. The general principle of law is, that a judgment being an entire thing, cannot regularly be reversed in part, and affirmed in part, Carthew, 235; 1 Lord Laym. 255 ; 2 Saund. 201, note, v; Styles, 121, 125; Oro. [612] Jae. 424- But where there are distinct independent judgments in one action, judgment may be reversed in part, and affirmed for the residue, as in an action of account or dower. 2 Saund. 101, note, v ; 2 Lae. 501. [*] It has also been decided on the same principle, that where a judgment consists of distinct independent parts, it may be reversed as to one point, as in case of a scire facias against executors, and judgment for costs, where no costs were allowed, 1 Stra. 188, the judgment for costs was reversed only. But the judgment in this case was a distinct judgment. The case states, that after awarding execution, the record went on with, consideratum est etiam. The same in 2 Stra. 808, cited in this case, it was for damages in a case, where no damages were allowed in a scire facias against bail; and the case states that this also came in with a consideratum et etiam. The same distinction is recognized in 2 Lord Laym. 893, where there had been a judgment in debt in the Common Pleas of Ireland, and that judgment affirmed in the King’s Bench in Ireland, with costs; and then removed *404 to the King’s Bench in England, by writ of error. The King’s Bench in England reversed the judgment of the King’s Bench of Ireland; as to costs; but adjudged that the judgment of affirmance should stand; but this was founded on the express distinction, that the judgment of affirmance in the King’s Bench in Ireland, was a distinct judgment from that of costs; the entry of which was consideratum est quod.[1] In the case of Bart v. Lookup, 1 Bur. 2018, the judgment for damages and costs was reversed, and the judgment for debt was affirmed on the same distinction. It was a qui tarn action. The court below, had rendered judgment of damages for the detention of thé debt with costs; it was agreed that damages for the detention of the debt could not be recovered in a qui tarn action, and that the costs must follow the damages. But on the ground, distinctly taken, that the judgment for damages and costs, was a distinct independent judgment, being entered on the record in this way; it is also considered, the court reversed the judgment for the damages and costs, and affirmed the [*] residue. These decisions may have led a careless observer to suppose, that it had become a general practice to reverse for the costs where the error was bnly in the costs, and affirm for the residue. But they all go on the ground, and that distinctly stated, that the judgments were independent judgments. All the precedents of judgments to be found in the books, and I will venture to say, in the [613] records of this court, in cases of debt, assumpsit, &c., include the costs with the sum recovered, and form one entire judgment. In Baa. Abr. 508, it is expressly laid down as settled law, that where costs are merely accessory to the principal judgment, then if they are erroneously given, the judgment cannot be reversed as to them only, but must be reversed in toto. The case of Lampen v. Hatch, 2 Str. 934, is in point; in an action for words, the plaintiff had recovered 10s. in damages, and the *405 costs were taxed at £13. The plaintiff, by the statute of James, was entitled to no more costs than damages. The judgment in this case was reversed in tato, and the reason, assigned for it was, “ It being a, joint judgment, and not like the cases where no costs can be given.” This case goes to show that the court will take notice of the taxation of costs, which was denied at the bar. This case is recognized by Chief Baron Comyns, who is said to be an authority himself. 5 Com. Dig. 723. In the case of Rous v. Etherington, in error, reported in 1 Salic. 212; and 2 Ld. Ray, 870. Lord Holt was of opinion that as the judgment for costs was accessory to the principal judgment, it could not be reversed. quoad them only.
This review of the subject has served to confirm me in my former opinion, that this judgment be reversed.
Kirkpatrick, C. J., and Rossell, J.
Said that they fully considered the question in vacation, and were clearly of opinion, that the course of the court [*] had pursued was correct. The Chief Justice added, that the thing was radically wrong in principle; that a few cents error in the calculation of an item of costs, presented a different case; and possibly might be passed over as a clerical mistake or a matter too trifling to notice. But the rendering judgment on a ground radically wrong in itself, could not be got over.
Judgment reversed.
Cited is Smith v. Miller, 3 Halst. 175; Krumeick v. Krumeick, 2 Gr. 39; N J. R. R. & Tr. Co. v. Suydam, 2 Harr. 25.

 See also as to this caBe, 2 Lord Baym. 1534.